United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALBERTO DE LA GARZA,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 25-cv-10305-HSG<br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Petitioner Carlos Alberto De La Garza previously moved the Court for a temporary restraining order ("TRO") that would, among other things, require his immediate release from ongoing detention by agents of Immigration and Customs Enforcement ("ICE") and prohibit ICE from re-arresting him without notice and a pre-detention bond hearing. *See* Dkt. No. 8. The Court granted the motion for a TRO in part. *See* Dkt. No. 11. In doing so, the Court ordered Respondents to show cause why a preliminary injunction should not issue. *See id.* at 10. In their supplemental brief, Respondents acknowledged that their opposition to the TRO contained some factual errors. *See* Dkt. No. 21; *see also* Dkt. No. 21-1 ("Jerome Decl.") at ¶¶ 7–11. Respondents explained, for example, that after a further investigation, they agree that Petitioner did not state that he reentered the United States in November 2015, as Respondents had initially reported. *See id.* Additionally, Respondents confirmed that at the time of Petitioner's initial detention, USCIS had not completed the adjudication of his Form I-485. *Id.* As a result, Respondents state that they "do not oppose the entry of a preliminary injunction to enjoin them from redetaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker." *Id.* In other words, Respondents agreed to a preliminary injunction that would track the existing TRO.

Nevertheless, Petitioner asks the Court to address two additional legal issues. *See* Dkt. No.

20. Specifically, Petitioner requests that the Court (1) identify the burden of proof Respondents bear at any future detention hearing; and (2) reconsider its prior order and hold any future detention hearings itself. *See id.* The Court held a hearing on the preliminary injunction on December 18, 2025.

## I. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). The final two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## II. DISCUSSION

As discussed above, Respondents do not oppose entering a preliminary injunction to enjoin them from redetaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker. *See* Dkt. No. 21. The Court agrees that such a preliminary injunction is appropriate under the circumstances. The Court therefore incorporates its prior analysis from the TRO order, Dkt. No. 11, and **GRANTS** a preliminary injunction.

Petitioner requests that the Court confirm that at any future detention hearing, the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted. *See* Dkt. No. 20 at 4–5. The Court agrees. Respondents did not address this issue in their supplemental brief. Dkt. No. 21. However, in their opposition to the TRO they urged that Petitioner should bear the burden at any

United States District Court
Northern District of California

1  future bond hearing.  *See* Dkt. No. 10 at 24–25.

2　　　　In *Singh v. Holder*, the Ninth Circuit explicitly held that "the government must prove by
3  clear and convincing evidence that an alien is a flight risk or a danger to the community to justify
4  denial of bond . . . ."  638 F.3d 1196, 1203 (9th Cir. 2011).  Since then, the Ninth Circuit has
5  recognized that "key aspects" of its cases addressing the process statutorily available for
6  noncitizens in immigration detention "are no longer good law."  *See Rodriguez Diaz v. Garland*,
7  53 F.4th 1189, 1196–1202, & n.4 (9th Cir. 2022).  However, the Ninth Circuit has not abrogated
8  *Singh*'s constitutional holding, and it still appears binding on this Court.  *Cf. Rodriguez Diaz v.*
9  *Garland*, 83 F.4th 1177, 1179 (9th Cir. 2023) (Paez, J., dissenting from denial of rehearing en
10  banc) ("*Singh*'s constitutional holding . . . remains binding law of our court."); *Martinez v. Clark*,
11  124 F.4th 775, 780–82 (9th Cir. 2024) (nowhere contesting district court's framing that "[t]o
12  comply with due process" the government had to "to show by clear and convincing evidence that
13  [the petitioner] present[ed] a flight risk or a danger to the community at the time of the bond
14  hearing") (quotation omitted).

15　　　　Petitioner also again requests that any detention hearing occur before this Court rather than
16  before an immigration judge.  *See* Dkt. No. 20 at 9–13.  Both in the supplemental briefing and
17  during the hearing on the preliminary injunction, Petitioner's counsel reiterated concerns about the
18  fairness of any such hearing before an immigration judge.  *See* Dkt. No. 20 at 11–13.  But the
19  Court continues to decline the invitation to create a parallel detention hearing procedure in district
20  court.  To the extent Petitioner is detained following any future pre-deprivation hearing before a
21  neutral decisionmaker, however, the Ninth Circuit has indicated that the immigration court's
22  underlying determinations may be reviewed under an abuse of discretion standard.  *See Martinez*
23  *v. Clark*, 124 F.4th at 784–85.

24  **III.　CONCLUSION**

25　　　　Petitioner's request for a preliminary injunction is **GRANTED**.  The Government is
26  **ENJOINED AND RESTRAINED** from re-detaining Petitioner in any form (including, but not
27  limited to, for purposes of executing a removal) without notice and a pre-deprivation hearing
28  before a neutral decisionmaker where the Government bears the burden of demonstrating by clear

and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required. This Order shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: 12/22/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge